ABP#____ VTN____ 1460

Case Number: COCE-21-040172 Division: 54

Filing # 130876061 E-Filed 07/17/2021 11:51:22 AM    DATE_____ TIME_____

Name_____ Badge/ID#___

*** *scan back executed* ***

## IN THE COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

Case No. :

CAROLEE WHITE,

    **Plaintiff,**

                           **CIVIL ACTION SUMMONS**

v.

MANDARICH LAW GROUP LLP,

    **Defendant.**

_____/

### SUMMONS

THE STATE OF FLORIDA:

To Each Sheriff of the State:

    YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

<div align="center">

Mandarich Law Group LLP
c/o NRAI Services Inc.
1200 South Pine Island Road
Plantation FL 33324

</div>

    Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, Jibrael. S. Hindi, Esq., The Law Offices of Jibrael S. Hindi, PLLC, 110 SE 6th Street, Suite 1744, Fort Lauderdale, Florida 33301, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on: _____JUL 19 2021_____

Brenda D. Forman, Clerk of the Court

By: _____
As Deputy Clerk

**BRENDA D. FORMAN**

PAGE | 1 of 2

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away.

If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff s Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff s Attorney" (Demandante o Abogado del Demandante).

Dated: July 16, 2021

Respectfully Submitted,

/s/ Thomas J. Patti

**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail: tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136

*COUNSEL FOR PLAINTIFF*

Filing # 130876061 E-Filed 07/17/2021 11:51:22 AM

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.     CASE STYLE

IN THE CIRCUIT COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>Carolee White</u>
Plaintiff

Case # _____
Judge _____

vs.

<u>Mandarich Law Group LLP</u>
Defendant

### II.     AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☒ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

### III.     TYPE OF CASE     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☒ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

   <u>2</u>

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Thomas John Patti III</u>      Fla. Bar # <u>118377</u>
       Attorney or party            (Bar # if attorney)

<u>Thomas John Patti III</u>        <u>07/17/2021</u>
(type or print name)        Date

Filing # 130876061 E-Filed 07/17/2021 11:51:22 AM

## IN THE COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

CAROLEE WHITE,

      **Plaintiff,**

                                        **Case No.**

v.

MANDARICH LAW GROUP LLP,                **JURY TRIAL DEMANDED**

                                                  **INJUNCTIVE RELIEF SOUGHT**

      **Defendant.**

_____/

### COMPLAINT

      Plaintiff Carolee White ("Plaintiff") sues Defendant Mandarich Law Group LLP ("Defendant") for violations the Florida Consumer Collection Practices Act ("FCCPA") and the Fair Debt Collection Practices Act ("FDCPA")

### JURISDICTION AND VENUE

      1.     This Court has subject matter jurisdiction over Plaintiff and Defendant (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

      2.     This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Broward County, Florida.

      3.     The amount in controversy is greater than $8,000, but does not exceed $15,000, exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

      4.     Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Broward County Florida.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**PARTIES**

5.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

6.      Defendant is a California Limited Liability Partnership, with its principal place of business located in Chatsworth CA 91311.

**DEMAND FOR JURY TRIAL**

7.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

**FACTUAL ALLEGATIONS**

8.      On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

9.      The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt, Credit One Bank NA, and Plaintiff involving an unsecured line of credit for the personal use of Plaintiff. (the "Subject Service").

10.      The Subject Service was primarily for personal, family, or household purposes.

11.      Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

12.      Defendant is a business entity engaged in the business of collecting consumer debts.

13.      Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14.      Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

15.      Defendant's "Consumer Collection Agency" license number is CCA9903744.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

16.     Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

17.     The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

18.     Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

19.     Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

20.     On a date better known by Defendant, Defendant transmitted Plaintiff's personal information to a third-party (the "Third-Party").

21.     The personal information Defendant transmitted to the Third-Party included, but was not limited to: [1] Plaintiff's name; [2] Plaintiff's address; [3] the existence of the Consumer Debt; [4] the amount of the consumer debt; [5] the creditor of the Consumer Debt; [6] that Plaintiff was the alleged debtor of the Consumer Debt; [7] information regarding the Subject Service; and [8] that Plaintiff did not pay the Consumer Debt and/or defaulted on the Consumer Debt (collectively, the "Transmitted Information").

22.     The Third-Party, of whom Defendant transmitted Plaintiff's personal information to, complied Plaintiff's personal information and prepared a letter that was to be sent to Plaintiff in an attempt to collect the Consumer Debt.

23.     The Transmitted Information affected Plaintiff's reputation. For example, the transmission of such information affected Plaintiff's reputation regarding the repayment of debts, Plaintiff's reputation of truthfulness, Plaintiff's reputation of solvency, and Plaintiff's reputation regarding trustworthiness.

24.     Defendant's transmission of Plaintiff's personal information to the Third-Party was a communication in connection with the collect of the Consumer Debt.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

25.     In addition to transmitting Plaintiff's personal information to the Third-Party, Defendant also transmitted Plaintiff's personal information to *other* third-party entities in connection with the collection of the Consumer Debt. Defendant transmitted such information to these *other* third-party entities by, *including but not limited to*: **[1]** utilizing "skip trace" services; **[2]** utilizing bankruptcy, SCRA, probate, and other "scrubbing" services; and **[3]** utilizing independent third-party contractors to attempt to collect the Consumer debt from Plaintiff.

26.     On a date better known by Defendant, Defendant sent the letter prepared and/or complied by the Third-Party to Plaintiff, of which was internally dated July 28, 2020, (the "Collection Letter") in an attempt to collect the Consumer Debt.

27.     Attached as Exhibit "A" is a copy of Collection Letter.

28.     Defendant's transmission of Plaintiff's personal information to the Third-Party is an explicit violation of § 1692c(b) of the FDCPA. *See* Hunstein v. Preferred Collection & Mgmt. Servs., No. 19-14434, 2021 U.S. App. LEXIS 11648 (11th Cir. Apr. 21, 2021) (a complete copy of the Hunstein opinion is attached as Exhibit "B").

29.     The Collection Letter contains a bar code and/or Quick Response ("QR") code, of which are indicative of Defendant's use of the Third-Party to prepare, print, package, compile, and/or otherwise send the Collection Letter.

30.     For Defendant to maintain a *valid* consumer collection agency license with the Florida Department of State (*so to otherwise lawfully collect, or attempt to collect, consumer debts from Florida consumers*) Defendant knew it was required to tailor its (Defendant-DC's) debt collector methods to be in compliance with both the FDCPA and FCCPA.

31.     Defendant knew that the Transmitted Information constituted an unlawful transmission of Plaintiff's personal information in violation of § 1692c(b) of the FDCPA.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

32.    The Third-Party did not have any legitimate need for the Transmitted Information, as the Transmitted Information constituted an unlawful transmission of Plaintiff's personal information in violation of § 1692c(b) of the FDCPA.

## COUNT 1
## VIOLATION OF 15 U.S.C. § 1692c(b)

33.    Plaintiff incorporates by reference paragraphs 1-32 of this Complaint.

34.    Pursuant to § 1692c(b) of the FDCPA, "*a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.*" 15 U.S.C. 1692c(b) (emphasis added).

35.    As set forth above, Defendant's transmission of Plaintiff's personal information to the Third-Party violates § 1692c(b) of the FDCPA. *See* Hunstein, No. 19-14434, 2021 U.S. App. LEXIS 11648 ("[w]e hold (1) that a violation of § 1692c(b) gives rise to a concrete injury in fact under Article III and (2) that the debt collector's transmittal of the consumer's personal information to its dunning vendor constituted a communication 'in connection with the collection of any debt' within the meaning of § 1692c(b).") Accordingly, Defendant violated § 1692c(b) of the FDCPA when it transmitted Plaintiff's personal information to the Third-Party.

36.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

    (a)    Statutory and actual damages as provided by 15 U.S.C. § 1692k;

    (b)    Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    (c)    Any other relief that this Court deems appropriate under the circumstances.

## COUNT 2
## VIOLATION OF FLA. STAT. § 559.72(5)

37.    Plaintiff incorporates by reference paragraphs 1-32 of this Complaint.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

38.     Pursuant to § 559.72(5) of the FCCPA, in collecting consumer debts, no person shall: "*[d]isclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.*" Fla Stat. § 559.72(5) (emphasis added).

39.     As set forth above, Defendant unlawfully transmitted Plaintiff's personal information, by and through the Transmitted Information, to the Third-Party, whereby said transmitted information affective Plaintiff's reputation because the Third-Party did not have any *legitimate* need for unlawfully transmitted personal information of Plaintiff.

40.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a)     Statutory and actual damages pursuant to Fla. Stat. §559.77(2);

(b)     An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA;

(c)     Costs and reasonable attorneys' fees pursuant to Fla. Stat. §559.77(2); and

(d)     Any other relief that this Court deems appropriate under the circumstances.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

DATED: July 16, 2021

Respectfully Submitted,

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tom@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:        855-529-9540

EXHIBIT "A"



**Please Reply To:**
P.O. Box 109032 Chicago, IL 60610
P: 877.285.4918
F: 818.888.1260
www.mandarichlaw.com
You may also contact us via email at
INFO@MANDARICHLAW.COM
July 28, 2020
Pay Online: www.PayMLG.com

# MANDARICH LAW GROUP, LLP
*Attorneys at Law*

THIS LAW FIRM EMPLOYS ONE OR
MORE ATTORNEYS ADMITTED TO
PRACTICE IN THE FOLLOWING STATES:
Arkansas, California, Colorado
Connecticut, District of Columbia
Florida, Georgia, Idaho, Illinois, Iowa
Kansas, Michigan, Missouri, Nebraska
Nevada, New York, North Carolina
Ohio, Oregon, South Carolina
Texas, Washington
OF COUNSEL
Thomas M. McGrail (CA/HI)
Crystal Lyon (UT)

Carolee White
3613 E Shore Rd
Miramar FL 33023-4953

| | |
|---|---|
| Current Creditor: | LVNV Funding LLC |
| Our File No.: | 4331602 |
| Original Creditor: | Credit One Bank, N.A. |
| Original Creditor Account No.: | XXXXXXXXXXXX8084 |
| Current Balance: | $1,556.57 |
| Charge Off Date: | 07/18/2018 |

Dear Carolee White:

Your account has been sold and assigned to our client, LVNV Funding LLC. This office has been hired to collect the above balance that you owe our client. This is a demand for payment of your outstanding obligation.

If you choose to do so, you may make a payment online by visiting our website at www.PayMLG.com at your convenience. Please contact our office should you wish to discuss payment arrangements on your account. You can reach us on our toll-free number of 877.285.4918. When contacting our office by phone or letter, please refer to file number 4331602.

Unless you within thirty days after receipt of this notice dispute the validity of the debt or any portion thereof, the debt will be assumed to be valid by us. If you notify us in writing within the thirty day period that the debt or any portion thereof, is disputed, we will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by us. Upon your written request within the thirty day period, we will provide you with the name and address of the original creditor, if different from the current creditor.

Sincerely,

Mandarich Law Group, LLP

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

# EXHIBIT "B"

[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

———————————

No. 19-14434

———————————

D.C. Docket No. 8:19-cv-00983-TPB-TGW

RICHARD HUNSTEIN,

Plaintiff - Appellant,

versus

PREFERRED COLLECTION AND MANAGEMENT SERVICES, INC.,

Defendant - Appellee.

———————————

Appeal from the United States District Court
for the Middle District of Florida

———————————

(April 21, 2021)

Before JORDAN, NEWSOM, and TJOFLAT, Circuit Judges.

NEWSOM, Circuit Judge:

This appeal presents an interesting question of first impression under the

Fair Debt Collection Practices Act—and, like so many other cases arising under

federal statutes these days, requires us first to consider whether our plaintiff has Article III standing.

The short story: A debt collector electronically transmitted data concerning a consumer's debt—including his name, his outstanding balance, the fact that his debt resulted from his son's medical treatment, and his son's name—to a third-party vendor. The third-party vendor then used the data to create, print, and mail a "dunning" letter to the consumer. The consumer filed suit alleging that, in sending his personal information to the vendor, the debt collector had violated 15 U.S.C. § 1692c(b), which, with certain exceptions, prohibits debt collectors from communicating consumers' personal information to third parties "in connection with the collection of any debt." The district court rejected the consumer's reading of § 1692c(b) and dismissed his suit. On appeal, we must consider, as a threshold matter, whether a violation of § 1692c(b) gives rise to a concrete injury in fact under Article III, and, on the merits, whether the debt collector's communication with its dunning vendor was "in connection with the collection of any debt."

We hold (1) that a violation of § 1692c(b) gives rise to a concrete injury in fact under Article III and (2) that the debt collector's transmittal of the consumer's personal information to its dunning vendor constituted a communication "in connection with the collection of any debt" within the meaning of § 1692c(b).

2

Accordingly, we reverse the judgment of the district court and remand for further proceedings.

<div align="center">I</div>

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors" and "to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).  To that end, § 1692c(b) of the FDCPA, titled "Communication with third parties," provides that—

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).  The provision that § 1692c(b) cross-references—§ 1692b— governs the manner in which a debt collector may communicate "with any person other than the consumer for the purpose of acquiring location information."  15 U.S.C. § 1692b.  The FDCPA thus broadly prohibits a debt collector from communicating with anyone other than the consumer "in connection with the collection of any debt," subject to several carefully crafted exceptions—some enumerated in § 1692c(b), and others in § 1692b.

Richard Hunstein incurred a debt to Johns Hopkins All Children's Hospital arising out of his son's medical treatment.  The hospital assigned the debt to

<div align="center">3</div>

Preferred Collections & Management Services, Inc. for collection. Preferred in turn hired Compumail, a California-based commercial mail vendor, to handle the collection. Preferred electronically transmitted to Compumail certain information about Hunstein, including, among other things: (1) his status as a debtor, (2) the exact balance of his debt, (3) the entity to which he owed the debt, (4) that the debt concerned his son's medical treatment, and (5) his son's name. Compumail used that information to generate and send a dunning letter to Hunstein.

Hunstein filed a complaint, alleging violations of both the FDCPA, *see* 15 U.S.C. §§1692c(b) and 1692f, and the Florida Consumer Collection Practices Act, *see* Fla. Stat. § 559.72(5). As relevant here, the district court dismissed Hunstein's action for failure to state a claim, concluding that he hadn't sufficiently alleged that Preferred's transmittal to Compumail violated § 1692c(b) because it didn't qualify as a communication "in connection with the collection of a[ny] debt."[1]

---

[1] The district court held for the same reason that Hunstein had not stated a claim for a violation of § 1692f. The district court then declined to accept supplemental jurisdiction over Hunstein's state law claim. Hunstein's appeal addresses only the portion of his complaint relating to § 1692c(b).

4

Hunstein appealed, and we requested supplemental briefing on the question whether he had Article III standing to sue, which we now consider along with the merits.[2]

## II

First things first.  Because standing implicates our subject matter jurisdiction, we must address it at the outset, before turning to the merits.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02 (1998).  Article III of the Constitution grants federal courts "judicial Power" to resolve "Cases" and "Controversies."  U.S. Const. art. III, §§ 1–2.  This case-or-controversy requirement, which has been construed to embody the doctrine of standing, "confines the federal courts to a properly judicial role."  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  The "irreducible constitutional minimum" of Article III standing entails three elements: injury in fact, causation, and redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–561 (1992).

Hunstein's appeal involves the first element, injury in fact, which consists of "an invasion of a legally protected interest" that is both "concrete and

---

[2] Whether Hunstein has standing to sue is a threshold jurisdictional question that we review de novo. *Debernardis v. IQ Formulations, LLC*, 942 F.3d 1076, 1083 (11th Cir. 2019). "We review the decision to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) de novo, applying the same standard as the district court." *Holzman v. Malcolm S. Gerald & Assocs., Inc.*, 920 F.3d 1264, 1268 (11th Cir. 2019).  Accepting the complaint's allegations as true and construing the facts in the light most favorable to Hunstein, "the relevant inquiry is whether Plaintiff has stated a 'plausible claim for relief' under the FDCPA."  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* at

560 (quotation marks omitted).  In *Trichell v. Midland Credit Mgmt., Inc.*, 964

F.3d 990 (11th Cir. 2020), a case involving the FDCPA, we reiterated that "[e]ach

subsidiary element of injury—a legally protected interest, concreteness,

particularization, and imminence—must be satisfied." *Id.* at 996–97.  The standing

question here implicates the concreteness sub-element.

A plaintiff can meet the concreteness requirement in any of three ways.

First, he can allege a tangible harm—a category that is "the most obvious and

easiest to understand" and that includes, among other things, physical injury,

financial loss, and emotional distress.  *See Muransky v. Godiva Chocolatier, Inc.*,

979 F.3d 917, 926 (11th Cir. 2020) (en banc); *see also Huff v. TeleCheck Servs.,*

*Inc.*, 923 F.3d 458, 463 (6th Cir. 2019).  Second, a plaintiff can allege a "risk of

real harm." *Muransky*, 979 F.3d at 927.  Third, in the absence of a tangible injury

or a risk of real harm, a plaintiff can identify a statutory violation that gives rise to

an intangible-but-nonetheless-concrete injury. *Spokeo*, 136 S. Ct. at 1549.  We

consider each possibility in turn.

**A**

Hunstein doesn't allege a tangible harm.  The complaint contains no

allegations of physical injury, financial loss, or emotional distress.  Instead, the

complaint (1) conclusorily asserts that "[i]f a debt collector 'conveys information

6

regarding the debt to a third party—informs the third party that the debt exists or provides information about the details of the debt—then the debtor may well be harmed by the spread of this information,'" and (2) vaguely references the "known, negative effect that disclosing sensitive medical information to an unauthorized third-party has on consumers[.]"  In his supplemental brief, Hunstein asks us to construe these assertions as allegations of emotional harm, arguing that he was "humiliated, embarrassed, and suffered severe anxiety[.]"  But we have "repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (quotation marks omitted).  Hunstein thus cannot establish standing on the basis of a tangible harm.

**B**

Nor can Hunstein demonstrate standing by the second route—showing a "risk of real harm."  "[W]hile very nearly any level of direct injury is sufficient to show a concrete harm, the risk-of-harm analysis entails a more demanding standard—courts are charged with considering the magnitude of the risk." *Muransky*, 979 F.3d at 927.  "Factual allegations that establish a risk that is substantial, significant, or poses a realistic danger will clear this bar[.]" *Id.* at 933. Put slightly differently, to constitute injury in fact, the "threatened injury must be certainly impending." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013).

7

Again, Hunstein alleges only that a debtor "may well be harmed by the spread" of the sort of information at issue here. That vague allegation falls short of a risk that is "substantial, significant, or poses a realistic danger," *Muransky*, 979 F.3d at 933, or is "certainly impending," *Clapper*, 568 U.S. at 409.

## C

We thus consider whether Hunstein can show standing in the third manner— through a statutory violation. "[T]he violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact," such that "a plaintiff . . . need not allege any additional harm beyond the one Congress has identified." *Spokeo*, 136 S. Ct. at 1549. *Spokeo* instructs that in determining whether a statutory violation confers Article III standing, we should consider "history and the judgment of Congress." *Id.*

### 1

Starting with history, we can discern a concrete injury where "intangible harm has a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Id.* Put differently, we look to "whether the statutory violation at issue led to a type of harm that has historically been recognized as actionable." *Muransky*, 979 F.3d at 926. *Muransky* explains that the "fit between a new statute and a pedigreed common-

8

law cause of action need not be perfect, but we are called to consider at a minimum whether the harms match up between the two." *Id.*

For more than a century, invasions of personal privacy have been regarded as a valid basis for tort suits in American courts. *See, e.g., Pavesich v. New England Life Ins. Co.*, 122 Ga. 190, 50 S.E. 68 (1905); *Munden v. Harris*, 153 Mo. App. 652, 134 S.W. 1076 (1911); *Kunz v. Allen*, 102 Kan. 883, 172 P. 532 (1918). By 1977, the Restatement (Second) noted that "the existence of a right of privacy is now recognized in the great majority of the American jurisdictions that have considered the question." Restatement (Second) of Torts § 652A cmt. a. (Am. Law Inst. 1977).

More particularly, the term "invasion of privacy" comprises an identifiable family of common-law torts—including, most relevantly here, "public disclosure of private facts." *Invasion of Privacy*, Black's Law Dictionary 952 (10th ed. 2014). It is hornbook law that "[o]ne who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public." Restatement (Second) of Torts § 652D (1977); *accord, e.g.,* 77 C.J.S. Right of Privacy and Publicity § 32; 62A Am. Jur. 2d Privacy § 79. Indeed, the Supreme Court itself has recognized "the individual interest in avoiding disclosure of personal matters"

9

and has recognized that "both the common law and the literal understandings of privacy encompass the individual's control of information concerning his or her person." *United States Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 763 (1989) (citation and quotation marks omitted).

Having established the historical pedigree of invasion-of-privacy torts—in particular, the sub-species applicable to the public disclosure of private facts—we next consider whether Preferred's alleged statutory violation is sufficiently analogous. Notably, the FDCPA's statutory findings explicitly identify "invasions of individual privacy" as one of the harms against which the statute is directed. 15 U.S.C. § 1692(a). And to that end, the statutory provision under which Hunstein has sued here expressly prohibits a debt collector from "communicat[ing]" with any but a few persons or entities "in connection with the collection of any debt." *Id.* § 1692c(b). Although § 1692c(b) isn't identical in all respects to the invasion-of-privacy tort, we have no difficulty concluding that it bears "a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit in English or American courts." *Spokeo*, 136 S. Ct. at 1549.

*Perry v. Cable News Network, Inc.*, 854 F.3d 1336 (11th Cir. 2017), strongly supports that conclusion. *Perry* concerned a plaintiff's allegations that CNN divulged his news-viewing history to a third-party in violation of the Video Privacy Protection Act. Emphasizing the widespread recognition both of the right

10

to privacy in general and, more particularly, the privacy interest implicated by the

VPPA—the interest in preventing the disclosure of personal information—the

Court in *Perry* concluded that the statutory violation of the VPPA constituted a

cognizable Article III injury. *Id.* at 1341 (citing *Reporters*, 489 U.S. at 762–63).

Hunstein's allegations closely resemble those in *Perry*. The VPPA prohibits "[a]

video tape service provider [from] knowingly disclos[ing], to any person,

personally identifiable information concerning any consumer of such provider."

18 U.S.C. § 2710(b). As relevant here, the FDCPA similarly prohibits a debt

collector from "communicat[ing], in connection with the collection of any debt,

with any person other than the consumer[.]" §1692c(b). The two statutes thus

share a common structure—A may not share information about B with C. Because

we find *Perry*'s reasoning persuasive and analogous, we adopt it here.

Our decision in *Trichell* does not require a contrary conclusion. That case

addressed a claim under a different FDCPA provision, § 1692e, which states that a

"debt collector may not use any false, deceptive, or misleading representation or

means in connection with the collection of any debt." 15 U.S.C. § 1692e. The

plaintiffs in *Trichell* alleged that debt collectors had sent them misleading letters,

and in assessing their claims' pedigree, we determined that the "closest historical

comparison is to causes of action for fraudulent or negligent misrepresentation."

964 F.3d at 998. Canvassing the common-law history of those torts, we held that

11

the plaintiffs' claims lacked the necessary "close relationship" to them. *Id.* at 997–98. That conclusion is entirely consistent with our holding here that Hunstein has standing to sue under a different FDCPA provision. Hunstein's claim, unlike the *Trichell* plaintiffs', arises under § 1692c(b) and bears a close relationship to a common-law tort.

<div align="center">2</div>

Although it presents a closer question, we conclude that "the judgment of Congress" also favors Hunstein. Congress, of course, expresses its "judgment" in only one way—through the text of duly enacted statutes. Even assuming that § 1692c(b) does not clearly enough express Congress's judgment that injuries of the sort that Hunstein alleges are actionable, here Congress went further to "explain itself." *Huff*, 923 F.3d at 466. In particular, as already noted, in a section of the FDCPA titled "Congressional findings and declaration of purpose," Congress identified the "invasion[] of individual privacy" as one of the harms against which the statute is directed. 15 U.S.C. § 1692(a). That, we think, is sufficient.

It's true that we pointed in *Trichell* to the FDCPA's language that a person may recover "any actual damage sustained by such person as a result of" an FDCPA violation and "such additional damages as the court may allow," 15 U.S.C. § 1692k(a), as evidence of Congress's judgment that violations of a

<div align="center">12</div>

different provision—§ 1692e—do not ipso facto constitute a concrete injury. *Trichell*, 964 F.3d at 1000. We don't read § 1692k(a), though, as categorically limiting the class of FDCPA plaintiffs to those with *actual damages*—particularly where, as here, the FDCPA's statutory findings expressly address the very harm alleged—an "invasion[] of individual privacy." 15 U.S.C. § 1692(a).

* * *

Because (1) § 1692c(b) bears a close relationship to a harm that American courts have long recognized as cognizable and (2) Congress's judgment indicates that violations of §1692c(b) constitute a concrete injury, we conclude that Hunstein has the requisite standing to sue.

### III

Having determined that Hunstein has standing to sue under § 1692c(b), we now consider the merits of his case. Recall that § 1692c(b) states that, subject to several exceptions, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer. 15 U.S.C. § 1692c(b). The parties agree that Preferred is a "debt collector," that Hunstein is a "consumer," and that the alleged debt at issue here was a "consumer debt," all within the meaning of § 1692c(b). Helpfully, the parties also agree that Preferred's transmittal of Hunstein's personal information to Compumail constitutes a

13

"communication" within the meaning of the statute.[3]  Accordingly, the sole

question before us is whether Preferred's communication with Compumail was "in

connection with the collection of any debt," such that it violates §1692c(b).

Hunstein contends that the plain meaning of the phrase "in connection with the

collection of any debt" and relevant precedents show that it was and does.

Preferred, conversely, urges us to adopt a "factor-based analysis" that shows that, it

says, its communication with Compumail was not "in connection with the

collection of any debt."

We begin with the plain meaning of the phrase "in connection with" and its

cognate word, "connection."  Dictionaries have adopted broad definitions of both.

Webster's Third defines "connection" to mean "relationship or association."

*Connection*, Webster's Third International Dictionary at 481 (1961), and the

Oxford Dictionary of English defines the key phrase "in connection with" to mean

"with reference to [or] concerning," *In Connection With*, Oxford Dictionary of

English at 369 (2010).  Usage authorities further explain that the phrase "in

---

[3] Section 1692a(2) defines communication as "the conveying of information regarding a debt
directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

connection with" is "invariably a vague, loose connective." Bryan A. Garner, Garner's Dictionary of Legal Usage 440 (3d ed. 2011).

Preferred's transmittal to Compumail included specific details regarding Hunstein's debt: Hunstein's status as a debtor, the precise amount of his debt, the entity to which the debt was owed, and the fact that the debt concerned his son's medical treatment, among other things. It seems to us inescapable that Preferred's communication to Compumail at least "concerned," was "with reference to," and bore a "relationship [or] association" to its collection of Hunstein's debt. We thus hold that Hunstein has alleged a communication "in connection with the collection of any debt" as that phrase is commonly understood.

Preferred resists that conclusion on three different grounds, which we address in turn.

**A**

First, Preferred relies on our interpretation of another FDCPA provision, § 1692e, to argue that communications "in connection with the collection of any debt" necessarily entail a demand for payment. In relevant part, § 1692e states that "[a] debt collector may not use any false, deceptive, or misleading representation or means *in connection with the collection of any debt.*" 15 U.S.C. § 1692e (emphasis added). In the line of cases interpreting the meaning of "in connection with the collection of any debt" in § 1692e, we have focused on the language of the

15

underlying communication.  In *Reese v. Ellis, Painter, Ratterree & Adams, LLP*,

for instance, in concluding that a law firm's letter to a consumer was "in

connection with the collection of any debt" within the meaning of § 1692e, we

emphasized that the letter expressly stated that the firm was attempting to collect a

debt and was acting as a debt collector, demanded full and immediate payment,

and threatened to add attorneys' fees to the outstanding balance if the debtors

didn't pay.  678 F.3d 1211, 1217 (11th Cir. 2012).  Similarly, in *Caceres v.*

*McCalla Raymer, LLC*, we held that a collection letter constituted a

"communication in connection with the collection of a[ny] debt" under § 1692e for

similar reasons.  Quoting the letter, we emphasized "that it is 'for the purpose of

collecting a debt;' it refers in two additional paragraphs to 'collection efforts;' it

states that collections efforts will continue and that additional attorneys' fees and

costs will accrue; it states the amount of the debt and indicates that it must be paid

in certified funds; and it gives the name of the creditor and supplies the law firm's

phone number in the paragraph where it talks about payments."  755 F.3d 1299,

1301–03 (11th Cir. 2014).

Relying on *Caceres* and *Reese*—both of which, again, addressed § 1692e—

the district court here adopted the following test:

> When determining whether a communication was made in connection
> with the collection of a[ny] debt, the courts look to the language of the
> communication itself to ascertain whether it contains a demand for
> payment and warns of additional fees or actions if payment is not

tendered. Consequently, when determining whether the transmission of information to a third party constitutes a violation of the FDCPA, it is important to consider whether the communication makes an express or implied demand for payment.

The district court's conclusion that the phrase "in connection with the collection of any debt" necessarily entails a demand for payment defies the language and structure of § 1692c(b) for two separate but related reasons—neither of which applies to § 1692e. First, the demand-for-payment interpretation would render superfluous the exceptions spelled out in §§ 1692c(b) and 1692b. Consider as an initial matter the exceptions specified in § 1692c(b) itself: "[A] debt collector may not communicate, in connection with the collection of any debt, with any person *other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector*[.]" 15 U.S.C. § 1692c(b) (emphasis added). Communications with four of the six excepted parties—a consumer reporting agency, the creditor, the attorney of the creditor, and the attorney of the debt collector—would *never* include a demand for payment. The same is true of the parties covered by § 1692b and, by textual cross-reference, excluded from § 1692c(b)'s coverage: "person[s] other than the consumer" with whom a debt collector might communicate "for the purpose of acquiring location information

17

about the consumer." *Id.* § 1692b. A debt collector would presumably never make a demand for payment of a party matching that description.

The upshot is that the phrase "in connection with the collection of any debt" in § 1692c(b) must mean something more than a mere demand for payment. Otherwise, Congress's enumerated exceptions would be redundant. Under the district court's demand-for-payment interpretation, Congress wouldn't have needed to include exceptions for communications with consumer reporting agencies, creditors, attorneys of creditors, attorneys of debt collectors, or persons providing a debtor's location information; those communications would have been foreclosed ipso facto by the phrase "in connection with the collection of any debt." It is a "cardinal principle of statutory construction" that "a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous[.]" *Duncan v. Walker*, 533 U.S. 167, 174 (2001) (quotation marks omitted); *accord, e.g.*, Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 174 (2012) ("If possible, every word and every provision is to be given effect . . . . None should be ignored. None should needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence."). Because it is possible—and indeed, we think, more

18

natural—to interpret § 1692c(b) in a way that does not render most of its textually specified exceptions redundant, we will do so.

Second, and relatedly, the district court's interpretation renders yet another portion of § 1692c(b) meaningless. By insisting on a demand for payment, the district court essentially interpreted "in connection with the collection of any debt" to mean "to collect any debt." Under this interpretation, the key phrase "in connection with" has no independent meaning or force. But as just explained, we have a duty to "give effect, if possible, to every clause and word of a statute[.]" *Duncan*, 533 U.S. at 174.

The district court seems to have been led astray by its reliance on decisions interpreting § 1692e, whose language and operation are different from § 1692c(b)'s in important respects. As a linguistic matter, § 1692e contains none of the specific exceptions that § 1692c(b) does; accordingly, there was no risk in *Reese* or *Caceres* that, by reading a "demand for payment" gloss into § 1692e, we would render other portions of that statute redundant or meaningless. And as an operational matter, § 1692e—which prohibits "false, deceptive, or misleading representation or means in connection with the collection of any debt"—covers the sorts of claims that are brought by recipients of debt collectors' communications— *i.e.*, debtors. *See Caceres*, 755 F.3d at 1300–1301 (case brought by recipient of letter, the debtor); *Reese*, 678 F.3d at 1214 (same). As its title indicates, by

19

contrast, § 1692c(b), targets debt collectors' "[c]ommunication with third parties,"

not debtors. In the typical § 1692c(b) case, the debtor isn't the recipient of the

challenged communication. Linguistic differences aside, this practical operational

difference undermines any argument that the meaning of the phrase "in connection

with the collection of any debt" must necessarily be the same in § 1692c(b) as in §

1692e.

**B**

Preferred separately urges us to adopt the holistic, multi-factoring balancing

test that the Sixth Circuit decreed in its unpublished opinion in *Goodson v. Bank of*

*Am., N.A.*, 600 Fed. Appx. 422 (6th Cir. 2015). That test counsels courts

confronting § 1692e's "in connection with the collection of any debt" language to

take into account the following seven considerations:

> (1) the nature of the relationship of the parties; (2) whether the
> communication expressly demanded payment or stated a balance due;
> (3) whether it was sent in response to an inquiry or request by the
> debtor; (4) whether the statements were part of a strategy to make
> payment more likely; (5) whether the communication was from a debt
> collector; (6) whether it stated that it was an attempt to collect a debt;
> and (7) whether it threatened consequences should the debtor fail to
> pay.

*Goodson*, 600 F. App'x at 431. We decline Preferred's invitation for two related

reasons.

First, and perhaps most obviously, *Goodson* and the cases that have relied on

it concern § 1692e—not § 1692c(b). And as just explained, §§ 1692c(b) and

20

1692e differ both (1) linguistically, in that the former includes a series of exceptions that an atextual reading risks rendering meaningless, while the latter does not, and (2) operationally, in that they ordinarily involve different parties. *Goodson*'s seventh factor—whether the communication threatened consequences should the debtor fail to pay—illustrates this point. It makes little sense for a debt collector to threaten consequences should the debtor fail to pay in a communication that is not sent to the debtor himself.

Second, we believe that in the context of § 1692c(b), the phrase "in connection with the collection of any debt" has a discernible ordinary meaning that obviates the need for resort to extratextual "factors." All too often, multifactor tests—especially *seven*-factor tests like *Goodson*'s—obscure more than they illuminate. Parties to FDCPA-governed transactions—debtors, creditors, debt collectors, lawyers, etc.—are entitled to guidance about the scope of permissible activity. They are likelier to get it even from a broadly framed statutory language than from a judge-made gestalt.

### C

Lastly, Preferred makes what we'll call an "industry practice" argument. It contrasts what it says is the widespread use of mail vendors like Compumail and the relative dearth of FDCPA suits against them. More particularly, Preferred identifies cases involving mail vendors and emphasizes that none of them hold that

21

a debt collector's mail vendor violated the FDCPA. True enough, but none of the cases that Preferred cites involved § 1692c(b) claims, and the courts in those cases certainly had no obligation to *sua sponte* determine whether the collectors' communications to their vendors violated § 1692c(b). That this is (or may be) the first case in which a debtor has sued a debt collector for disclosing his personal information to a mail vendor hardly proves that such disclosures are lawful.

One final (and related) point: It's not lost on us that our interpretation of § 1692c(b) runs the risk of upsetting the status quo in the debt-collection industry. We presume that, in the ordinary course of business, debt collectors share information about consumers not only with dunning vendors like Compumail, but also with other third-party entities. Our reading of § 1692c(b) may well require debt collectors (at least in the short term) to in-source many of the services that they had previously outsourced, potentially at great cost. We recognize, as well, that those costs may not purchase much in the way of "real" consumer privacy, as we doubt that the Compumails of the world routinely read, care about, or abuse the information that debt collectors transmit to them. Even so, our obligation is to interpret the law as written, whether or not we think the resulting consequences are particularly sensible or desirable. Needless to say, if Congress thinks that we've

22

misread § 1692c(b)—or even that we've properly read it but that it should be amended—it can say so.

<div align="center">

**IV**

</div>

To sum up, Hunstein has Article III standing to bring his claim under § 1692c(b).  Further, because Preferred's transmittal of Hunstein's personal debt-related information to Compumail constituted a communication "in connection with the collection of any debt" within the meaning of § 1692c(b)'s key phrase, Hunstein adequately stated a claim.

**REVERSED and REMANDED.**

Filing # 130876061 E-Filed 07/17/2021 11:51:22 AM

## IN THE COUNTY COURT OF THE BROWARD JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

Case No.

CAROLEE WHITE,

     Plaintiff,

v.

MANDARICH LAW GROUP LLP,

     Defendant.

_____/

### PLAINTIFF'S NOTICE OF
### SERVING INTERROGATORIES TO DEFENDANT

Plaintiff Carolee White, by and through undersigned counsel, and pursuant to Florida Rules of Civil Procedure 1.340, hereby propounds the attached interrogatories to Defendant Mandarich Law Group LLP. Sworn answers to these Interrogatories must be furnished on or before the 30th day after the service of these Interrogatories.

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 16, 2021, the foregoing was electronically filed with the Clerk of the Court using the Florida Courts E-Filing Portal which will send a notice of electronic filing to all counsel of record.

                           /s/ Thomas J. Patti
                           **THOMAS J. PATTI, ESQ.**
                           Florida Bar No.: 118377
                           E-mail:     tom@jibraellaw.com
                           The Law Offices of Jibrael S. Hindi
                           110 SE 6th Street, Suite 1744
                           Fort Lauderdale, Florida 33301

                           *COUNSEL FOR PLAINTIFF*

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

**I.    DEFINITIONS**

(1)    "Action" shall mean the above captioned matter.

(2)    "Any," "All," and "each" shall be construed as any, all and each.

(3)    "And" shall mean and/or.

(4)    "Concern," "concerning," "refer," "referring," "relate, " "relating," "regard," or "regarding" shall all mean documents which explicitly or implicitly, in whole or in part, compare, were received in conjunction with, or were generated as a result of the subject matter of the request, including all documents which reflect, record, specify, memorialize, relate, describe, discuss, consider, concern, constitute, embody, evaluate, analyze, refer to, review, report on, comment on, impinge upon, or impact the subject matter of the request;

(5)    "Complaint" means the operative Complaint filed in the above captioned action.

(6)    "Collection Letter" shall refer to Exhibit "A" attached to the Complaint.

(7)    "Communication" or "sent" includes every manner or means of disclosure, transfer, or exchange of information, and/or attempt thereof, and every disclosure, transfer or exchange of information, whether orally or by document or whether face-to-face, by telephone, mail, electronic mail, personal delivery, or otherwise, and/or attempt thereof.

(8)    "Defendant," "you," and "your" shall mean Mandarich Law Group LLP, any of its directors, officers, sales, agents, managers, supervisors, general agents, agents (including attorneys, accountants, consultants, investment advisors or bankers), employees, representatives and any other persons purporting to act on their behalf. These defined terms include divisions, affiliates, subsidiaries, predecessor entities, acquired entities and/or related entities or any other entity acting or purporting to act on its behalf, including those who sought to communicate with Plaintiff during the relevant time-period whether by letter, e-mail, text message, or any other medium, regardless of whether successful or unsuccessful.

(9)    "Debt" shall refer to the obligation or purported obligation which Defendant sought to collect from Plaintiff in the Collection Letter.

(10)    "Document" means the original, and all non-identical copies (whether different from the original because of additional notations or otherwise), of all written, printed, typed, recorded, electronically or digitally stored, or graphic matter, however produced or reproduced, in the actual or constructive possession, custody, or control of plaintiff including, without limitation, all writings, drawings, graphs, charts, photographs, photographic records, sound reproduction tapes, data compilations (whether tangible or

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

intangible from which information can be obtained, discerned, or can be translated through detection devices into a reasonably usable tangible form), correspondence, memoranda, data, notes of conversations, diaries, papers, letters, e-mail communications, telegrams, messages of any kind, minutes of meetings, stenographic or hand-typed and written notes, appraisals, bids, account books, checks, invoices, ledgers, agreements, studies, estimates, reports, instructions, requests, pamphlets, brochures, applications, returns, pictures, books, journals, ledgers, corporate records, accounts, contracts, leaflets, administrative or governmental reports or returns, exhibits, maps, surveys, sketches, microfilm, Xerox or any other tangible things which constitute or contain matters within the scope of the Florida Rules of Civil Procedure.

(11)   "FCCPA" means the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.*

(12)   "FDCPA" means the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*

(13)   "Including" means: (a) including, but not limited to, or (b) including, without limitation. Any examples which follow these phrases are set forth to clarify the request, definition or instruction, not limited to the request, definition or instruction.

(14)   "Identify" with respect to natural person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(15)   "Or" shall mean and/or.

(16)   "Payment" shall include all available methods of funds tender, including but not limited to: cash; money order, a negotiable instrument such as a check, note, or draft; an ACH debit; bank, wire, or electronic-funds transfer; and, credit-card payment.

(17)   "Person" or "Persons" shall mean natural persons, proprietorships, joint ventures, partnerships, corporations, trust, groups, associations, organizations, governmental agencies and all other entities.

(18)   "Plaintiff" or "Plaintiff's" shall mean Carolee White.

(19)   "Relevant time period," "relevant period" or "during the relevant period" refers to a finite length of time, the duration of which is uninterrupted, that begins three years prior to commencement of the above captioned action, and ends on July 16, 2021.

(20)   The phrase "as defined by the FDCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under 15 U.S.C. § 1692a.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

(21)   The phrase "as defined by the FCCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under Fla. Stat., § 559.55.

## II.   INSTRUCTIONS

Each of the following requests is continuing, and in the event that at any later date you obtain or discover any additional information responsive to any request, you shall submit the information promptly. If an objection is made to any interrogatories herein, all information covered by the interrogatory which is not subject to the objection should be provided.

Information which may be responsive to more than one interrogatory need not be repeated, however such information should be identified and the interrogatory it was previously responsive to referenced. All headings herein are included only for organization purposes and should not be construed as being part of any interrogatory, or as limiting any request in any manner.

If any information requested by these interrogatories is claimed to be privileged or any interrogatory is otherwise objected to, please provide the exact grounds upon which the objection is based and identify all persons who presently have access to or are aware of the information requested.

## III.   INTERROGATORIES

**Interrogatory No. 1.**   Describe, step-by-step, the process which resulted in the Collection Letter being transmitted to Plaintiff, beginning with the date and method of transmission of Plaintiff's information to Defendant, e.g., computer tapes or other media delivered (when, by whom, where and to whom); content of computer tape or media; data input (where and by whom); computer entry or other means of directing transmission letters (where and by whom entry made), letter with debtor information printed (from where and by whom); letter with debtor information mailed (from where and by whom), computer tapes or media returned (on what occasion, when, by whom and to whom).

**RESPONSE:**

**Interrogatory No. 2.**   Identify by name and contact information the entity and/or vendor used by Defendant to send, prepare, draft, compile, and/or otherwise transmit the Collection Letter to Plaintiff. An example of such an entity and/or vendor is CompuMail, Inc.

**RESPONSE:**

**Interrogatory No. 3.**   Identify each of Defendant's practices, policies, and procedures that were in existence prior to sending Plaintiff the Collection Letter, whereby said practices, policies, and procedures were reasonably adapted to prevent Defendant from violating the FCCPA and/or FDCPA as alleged by Plaintiff.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

**RESPONSE:**

**Interrogatory No. 4.** Identify, by name and contact information, all third-party vendors used by Defendant in the operation and normal course of Defendant organization within the last two (2) years.

**RESPONSE:**

**Interrogatory No. 5.** Identify, by name and contact information, the individual within Defendant's ordination responsible for the use of third-party vendors.

**RESPONSE:**

**Interrogatory No. 6.** Identify the documents specified by Rule 69V-180.080, Florida Administrative Code, that Defendant maintains.

**RESPONSE:**

**Interrogatory No. 7.** Identify the documents specified by Rule 69V-180.080, Florida Administrative Code, that Defendant does not maintain.

**RESPONSE:**

**Interrogatory No. 8.** Identify the documents specified by Rule 69V-180.080, Florida Administrative Code, maintained by Defendant regarding Plaintiff or the Debt that are current within one week of the current date.

**RESPONSE:**

**Interrogatory No. 9.** Identify the documents specified by Rule 69V-180.080, Florida Administrative Code, maintained by Defendant regarding Plaintiff or the Debt that are not current within one week of the current date.

**RESPONSE:**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## **VERIFICATION**

Under penalties of perjury, I, the undersigned affiant, declare that I have read the foregoing

Answers to Interrogatories, and that the Answers are true and correct.

_____
AFFIANT SIGNATURE

_____
PRINTED NAME OF AFFIANT

_____
CAPACITY / TITLE OF AFFIANT

**BEFORE ME**, the undersigned authority, personally appeared _____,

who produced as identification _____, bearing

number _____ expiring on _____ who

did take an oath, who stated that he/she is the person noted above, and that, according to his/her

best knowledge and belief, the forgoing answers are true and correct.

Sworn to and subscribed before me, this _____ day of _____, 202_____.

_____
SIGNATURE OF NOTARY

_____
PRINTED NAME OF NOTARY

+-----------------------------------+
|                                   |
|                                   |
|                                   |
|                                   |
+-----------------------------------+
SEAL OF NOTARY

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

Filing # 130876061 E-Filed 07/17/2021 11:51:22 AM

## IN THE COUNTY COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

Case No.

CAROLEE WHITE,

     Plaintiff,

v.

MANDARICH LAW GROUP LLP,

     Defendant.

_____/

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

     Plaintiff Carolee White, by and through undersigned counsel, and pursuant to Florida Rules of Civil Procedure 1.350, and requests Defendant Mandarich Law Group LLP, to produce for inspection and copying within thirty (30) days from service the following documents by e-mail to tom@jibraellaw.com, or in the event delivery of Defendant's responses and the requested documents cannot be provided *via* e-mail, the same may be delivered to The Law Offices of Jibrael S. Hindi 110 SE 6th Street, Suite 1700, Fort Lauderdale, Florida 33301.

## I.  DEFINITIONS

(1)    "Action" shall mean the above captioned matter.

(2)    "Any," "All," and "each" shall be construed as any, all and each.

(3)    "And" shall mean and/or.

(4)    "Concern," "concerning," "refer," "referring," "relate, " "relating," "regard," or "regarding" shall all mean documents which explicitly or implicitly, in whole or in part, compare, were received in conjunction with, or were generated as a result of the subject matter of the request, including all documents which reflect, record, specify, memorialize, relate, describe, discuss, consider, concern, constitute, embody, evaluate, analyze, refer to, review, report on, comment on, impinge upon, or impact the subject matter of the request;

(5)    "Complaint" means the operative Complaint filed in the above captioned action.

(6)    "Collection Letter" shall refer to Exhibit "A" attached to the Complaint.

(7)    "Communication" or "sent" includes every manner or means of disclosure, transfer, or exchange of information, and/or attempt thereof, and every disclosure, transfer or exchange

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

of information, whether orally or by document or whether face-to-face, by telephone, mail, electronic mail, personal delivery, or otherwise, and/or attempt thereof.

(8)     "Defendant," "you," and "your" shall mean Mandarich Law Group LLP, any of its directors, officers, sales, agents, managers, supervisors, general agents, agents (including attorneys, accountants, consultants, investment advisors or bankers), employees, representatives and any other persons purporting to act on their behalf. These defined terms include divisions, affiliates, subsidiaries, predecessor entities, acquired entities and/or related entities or any other entity acting or purporting to act on its behalf, including those who sought to communicate with Plaintiff during the relevant time-period whether by letter, e-mail, text message, or any other medium, regardless of whether successful or unsuccessful.

(9)     "Debt" shall refer to the obligation or purported obligation which Defendant sought to collect from Plaintiff in the Collection Letter.

(10)    "Document" means the original, and all non-identical copies (whether different from the original because of additional notations or otherwise), of all written, printed, typed, recorded, electronically or digitally stored, or graphic matter, however produced or reproduced, in the actual or constructive possession, custody, or control of plaintiff including, without limitation, all writings, drawings, graphs, charts, photographs, photographic records, sound reproduction tapes, data compilations (whether tangible or intangible from which information can be obtained, discerned, or can be translated through detection devices into a reasonably usable tangible form), correspondence, memoranda, data, notes of conversations, diaries, papers, letters, e-mail communications, telegrams, messages of any kind, minutes of meetings, stenographic or hand-typed and written notes, appraisals, bids, account books, checks, invoices, ledgers, agreements, studies, estimates, reports, instructions, requests, pamphlets, brochures, applications, returns, pictures, books, journals, ledgers, corporate records, accounts, contracts, leaflets, administrative or governmental reports or returns, exhibits, maps, surveys, sketches, microfilm, Xerox or any other tangible things which constitute or contain matters within the scope of the Florida Rules of Civil Procedure.

(11)    "FCCPA" means the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*.

(12)    "FDCPA" means the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*.

(13)    "Including" means: (a) including, but not limited to, or (b) including, without limitation. Any examples which follow these phrases are set forth to clarify the request, definition or instruction, not limited to the request, definition or instruction.

(14)    "Identify" with respect to natural person, means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(15)  "Or" shall mean and/or.

(16)  "Payment" shall include all available methods of funds tender, including but not limited to: cash; money order, a negotiable instrument such as a check, note, or draft; an ACH debit; bank, wire, or electronic-funds transfer; and, credit-card payment.

(17)  "Person" or "Persons" shall mean natural persons, proprietorships, joint ventures, partnerships, corporations, trust, groups, associations, organizations, governmental agencies and all other entities.

(18)  "Plaintiff" or "Plaintiff's" shall mean Carolee White.

(19)  "Relevant time period," "relevant period" or "during the relevant period" refers to a finite length of time, the duration of which is uninterrupted, that begins three years prior to commencement of the above captioned action, and ends on July 16, 2021.

(20)  The phrase "as defined by the FDCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under 15 U.S.C. § 1692a.

(21)  The phrase "as defined by the FCCPA" shall refer to the meaning and/or definition of a particular word or phrase set forth under Fla. Stat., § 559.55.

## II.    INSTRUCTIONS

Each of the following requests is continuing, and in the event that at any later date you obtain or discover any additional document responsive to any request, you shall submit such document promptly. If an objection is made to any request herein, all documents covered by the request not subject to the objection should be produced. Similarly, if an objection is made to production of a document, the portion(s) of that document not subject to objection should be produced with the portion(s) objected to deleted and indicated clearly.

Each document is to be produced in its entirety even if only a portion of the document is related to the identified subject matter and without abbreviation, editing, or expurgation and including all appendices, tables, or other attachments. If an appendix, table, or other attachment is not presented with the original but is attached to a copy thereof or is otherwise available, it should be submitted and clearly marked to indicate the document to which it corresponds. With the exception of privileged material, no document or portion thereof should be masked or deleted in any manner. To the extent possible, documents should be produced in the same order and arrangement as in the file form which they are taken.

Unless otherwise requested, in lieu of producing original documents, you may produce photocopies, provided that you shall retain the original documents and produce them to the Plaintiff

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

upon request.  Further, copies of original documents may be submitted in lieu of originals only if they are true, correct, and complete copies of the original documents, and their submission constitutes a waiver of any claim as to the authenticity of the copy should it be necessary to introduce such copy into evidence in any legal proceeding.  Please provide color copies of any document originally produced in color or containing type, writing, or other marks in any color other than black.

In the event such file(s) or documents(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each sub-file, if any, maintained within the file, and the present location of the file. If you choose to withhold from production for inspection and copying on the ground of privilege or the like, it is requested that you provide the following information:  date, type of document, author, addressee or recipient, present location, custodian, number of pages, general description, privilege claimed, and any other pertinent information.

## III.    PRODUCTION REQUESTS

The following documents are requested to be produced. <u>Please contact undersigned counsel, or have your attorney contact undersigned counsel if you are represented by an attorney, if you are uncertain as to the meaning of a term is or if you need additional information to understand a request.</u>

(1)    Copies of the documents that Defendant sent to Plaintiff during the two (2) years prior to the commencement of the above-captioned action.

(2)    Copies of the documents utilized or referenced by Defendant to create or draft the Collection Letter.

(3)    Copies of the documents, including manuals, instructions and guidelines, setting forth the policies and procedures of debt collection employed by Defendant during the two (2) years prior to the commencement of the above-captioned action.

(4)    A complete copy of any insurance policies covering Defendant for violations of the FDCPA or FCCPA during the relevant period.

(5)    All documents relied or referenced by Defendant in responding to the Interrogatories propounded on Defendant in the above-captioned action.

(6)    Copies of all reports and documents utilized by an expert which Defendant proposes to call at trial.

(7)    All exhibits which Defendant proposes to introduce at trial.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

DATED: July 16, 2021

Respectfully Submitted,

/s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:     tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:     954-907-1136
Fax:         855-529-9540

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 16, 2021, I electronically filed the foregoing document with the Clerk of the Court using the Florida Courts E-Filing Portal. I also certify that the foregoing document is being served on opposing counsel via e-mail.

/s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com